UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GAIL DRAHOS, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:19cv921 SNLJ |
| | ) |
| BUDGET RENT A CAR SYSTEM, INC, | ) |
| et al., | ) |
| | ) |
|        Defendants. | ) |

**MEMORANDUM and ORDER**

Plaintiff brought this lawsuit against defendants seeking to recovery for injuries she allegedly sustained on defendants' property.  She served on defendants a notice of deposition under Federal Rule of Civil Procedure 30(b)(6) and listed topics she intends to ask of their designated corporate representative.  Defendants Budget Rent-a-Car System, Inc. and Avis Rent A Car System, LLC, filed the instant motion for a protective order [#33] seeking to prohibit plaintiff from asking defendant's corporate representative about Paragraphs 13-23 in plaintiff's notice of deposition.  Those paragraphs seek information about each of the defendants' affirmative defenses.  For example, it designates "all facts and documents upon which you base your contention set forth in Paragraph #2 of your Affirmative Defenses that 'plaintiff's injuries are barred or limited by [her] own contributory negligence or comparative fault…'"  Other affirmative defenses include plaintiff's obligation to mitigate damages, proximate cause, plaintiff's own fault or

1

negligence, unsafe conditions that were open & obvious, etc.. Plaintiff wants the Rule 30(b)(6) witness to speak to the facts and documents underlying each defense.

Defendants seek a protective order because, otherwise, they say they will have to "marshal all of its factual proof and then provide it to its corporate designee so that he could respond to what are essentially a form of contention interrogatories." Defendants argue that discussing the factual bases of the affirmative defenses require disclosure of work product, attorney-client privilege, and defense strategy. It would also invade attorneys' mental impressions and work product privilege.

To the extent defendants are correct, of course, their Rule 30(b)(6) deponent will not be required to divulge privileged information. Defendants may simply object to questions that call for disclosure of privileged information as they would in any other deposition. This Court advises the parties that "depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means." *United States v. Stabl Inc*., 8:16CV233, 2018 WL 3758204, at *7 (D. Neb. August 8, 2018). Plaintiff "clearly cannot inquire into topics or conversations protected by attorney-client or work-product privileges." *Id.* Defendants are free to object for reasons of privilege as appropriate. *See id.* The parties, to the extent they cannot resolve matters themselves, may certify questions for this Court to consider in the usual course under Rule 30(d).

Accordingly,

IT IS HEREBY ORDERED that defendants' motion for protective order [#33] is DENIED.

Dated this __6th__ day of July, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE