IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GAIL DRAHOS, )
)
Plaintiff, ) Case No. 4:19-cv-921-SNLJ
)
vs. )
)
BUDGET RENT A CAR SYSTEM, INC., )
and )
AVIS RENT A CAR SYSTEM, LLC, ) JURY DEMAND
)
Defendants. )

**DEFENDANTS BUDGET RENT A CAR SYSTEM, INC. AND AVIS RENT A CAR SYSTEM, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**

COME NOW Defendants, Budget Rent A Car System, Inc. and Avis Rent A Car System, LLC (hereinafter "Defendants") by and through their attorneys, and for its Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss without Prejudice, state as follows:

**BACKGROUND**

On February 14, 2019, Plaintiff Gail Drahos brought this action against Defendants as a result of a slip and fall in an Avis Rent a Car System parking lot in St. Louis County, Missouri on May 15, 2018. This matter was originally filed in state court and removed to this Court based on diversity jurisdiction.

On July 23, 2020, Plaintiff took the deposition of Jon Prachyl, acting as the corporate representative of Avis Rent A Car, Budget Rent A Car and Avis Budget Group. Avis Budget Group, Inc. is a holding company of Avis Rent a Car System and Budget Rent a Car System. Avis Budget Group, Avis Rent A Car System and Budget Rent A Car System are incorporated outside of Missouri with their principal place of business outside of Missouri.[i] Avis Rent a Car System owned the premises where the slip and fall took place. Managers Herb Torres and Jon Prachyl were employees and

working in the course and scope of employment with Avis Budget Group at the Avis Rent A Car lot on the day of the incident.

On or about August 12, 2020, over seventeen (17) months after plaintiff filed this present action, plaintiff filed a lawsuit in Missouri state court against the Avis Budget *employees* Jon Prachyl and Herb Torres as a result of the exact same slip and fall in the Avis Rent a Car System parking lot in St. Louis County, Missouri on May 15, 2018.[ii] In that same month, Plaintiff amended the state court Petition and added Avis-Budget Group, Inc. Avis-Budget Group, Inc. is not a party to this action and generally serves as a holding company for the Avis and Budget entities in this action. Plaintiff has not sought to amend her Complaint to add Avis-Budget Group, Inc. in this action. **See Exhibit A**, Amended Petition in Case No 20SL – CC04146. Plaintiff is now seeking this Court to dismiss this federal court lawsuit so Plaintiff can proceed in state court.

What remains clear is that Plaintiff has gone to great lengths in an attempt to manipulate parties and engage in jurisdiction shenanigans to avoid this Court and our upcoming trial date. This Court should not countenance such convoluted jurisdictional gamesmanship to delay this matter and avoid trial on March 1, 2021 with a discovery cut-off of November 1, 2020.

**ARGUMENT**

It is clear that plaintiff has filed a second action in state court to avoid diversity and the upcoming trial date. There is no reason for Plaintiff to bring a second state court action and dismiss this case other than to avoid diversity and the jurisdiction of this Court. In the newly filed state court action (Exhibit A), Plaintiff has joined two Avis Budget *employees* and the holding company Avis-Budget Group. Plaintiff has not sued either defendants in this action in State Court. Plaintiff is aware that if either Avis Rent A Car System or Budget Rent A Car System were named in the pending state court action while this case is pending, Missouri Supreme Court Rule 55.27 (a)(9) would prohibit such a claim. Accordingly, plaintiff purposefully did not name either Avis Rent A Car or Budget Rent A Car in the state court action even though Avis Rent A Car System owns the very premises where

plaintiff fell.

As to the individual employees, Torres and Prachyl, who are named in the State Court action, plaintiff has not sought leave to join them in this case.[iii] If plaintiff would have sought leave, the parties could have either stipulated or agreed to amend the Case Management Order, to join the individual employee defendants. Clearly, leave was not sought because the plaintiff wanted to divest this Court of jurisdiction by dismissing this case and proceed in State Court.

In all likelihood, if the individual defendants were added as parties to this action, a motion to dismiss would be in order given that Torres and Prachyl are not necessary or indispensable parties required to be joined with the purpose of defeating diversity. *Bailey v Bayer*, 563 F. 3d 302 (8th Circuit 2009). In *Bailey*, the district court permitted the joinder of defendants, then reconsidered and dismissed the joined defendants and denied plaintiff's motion to remand. The United States Court of Appeals for the Eighth Circuit affirmed the district court, finding that the parties sought to be added were not necessary or indispensable parties required to be joined and that the joinder was to defeat removal on diversity. Further, multiple courts have held that it is not necessary for an employee to be joined in a suit against their employer. *Nottingham v. General American Communications Corp*., 811 F.2d 873, 880 (5th Cir. 1987); *Milligan v. Anderson*, 522 F.2d 1202, 1204-05 (10th Cir. 1975); *Florian v. Sequa Corp*., No. 98-C-7459, 2002 WL 31844985, *5-6 (N.D. Ill. Dec. 18, 2002).

Likewise, here, the employees Torres and Prachyl are not necessary or indispensable parties required to be joined and the joinder of them would defeat removal on diversity. Plaintiff filing a state court case and seeking to dismiss this federal court action, is an attempt to end run this Court and return the case to State Court while avoiding the March 1, 2020 trial date.[iv]

Further, the parties have engaged in substantial pre-trial discovery. This includes the deposition of plaintiff and the corporate representative deposition for Defendants Avis Rent A Car and Budget Rent A Car. Discovery cut-off is less than six weeks. To dismiss this action and allow plaintiff to proceed in its later filed state court action will subject Defendants to unnecessary costs,

delay, and prejudice. This Court should not allow Plaintiff to prejudice Defendants' right to trial by seeking to now dismiss the case so that plaintiff can sue the employees and non-diverse parties who have no real role to play in this cause of action. It is a blatant attempt to game the system by filing a concurrent state court action stemming from the exact same cause of action that is before this Court. It would be one thing if Plaintiff had engaged in this jurisdictional expedient at the beginning of this case. To wait until six weeks before the discovery cut-off is just plain wrong. Plaintiff will suffer no harm by going to trial in March 2021 against the owner of the premises and the company that operated the premises. No one suggests that she does not have the proper parties or that the defendants do not have wherewithal to satisfy a judgement. If the Plaintiff wants to proceed in State Court against parties not joined in this case, she can do so. There is no prejudice to plaintiff by proceeding to trial in March 2021. Therefore, Defendants ask that the Court deny Plaintiff's Motion to Dismiss the federal court action and order plaintiff proceed with their case in federal court.

**CONCLUSION**

Plaintiff has improperly brought a second lawsuit in State court against Avis-Budget employees and Avis Budget Group and is asking the court to dismiss this present federal court action in an effort to avoid fraudulent joinder and diversity jurisdiction. Defendants ask the Court deny plaintiff's Motion to Dismiss and proceed with its case in federal court.

WHEREFOR, Defendants Budget Rent A Car System, Inc. and Avis Rent A Car System, LLC request the Court DENY Plaintiff's Motion to Dismiss without Prejudice and for such further relief as this court deems just and proper.

Respectfully submitted,

ROBERTS PERRYMAN, P.C.

/s/ Ted L. Perryman
Ted L. Perryman, #28410
Korissa M. Zickrick, #56069
Anna K. Beck, #66749
1034 S. Brentwood Blvd, Suite 2100
St. Louis, Mo 63117
***Attorneys for Defendants***
(314) 421-1850
(314) 421-4346 Fax
tperryman@robertsperryman.com
kzickrick@robertsperryman.com
abeck@robertsperryman.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 21st day of September 2020, copies of the foregoing were served on the following counsel of record via the Court's ECF filing system to:

Andrew H. Marty, #37158
Evan M. Bettag, #60932
CHASSANIOL & MARTY, LLC
5301 Veterans Memorial Pkwy, Suite 201
St. Peters, MO 63376
(636) 486-4861
(636) 922-0994 Fax
andy@trialstl.com
evan@trialstl.com
*Attorneys for Plaintiffs*

/s/ Ted L. Perryman

[i] Avis Rent A Car System LLC is a Delaware Limited Liability Company with its sole member being Avis Holdings, LLC. Budget Rent A Car System, Inc. is a Delaware corporation with its principal place of business in New Jersey. See Doc. #5.

[ii] Interestingly, in the concurrent state court action plaintiff did not file suit against the defendants in this action, namely Avis Rent A Car System and Budget Rent A Car System.

[iii] Both Torres and Prachyl are citizens of Missouri.

[iv] Avis-Budget Group intends to remove the newly filed state court action and allege pretensive joinder of both Torres and Prachyl.