UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **GAIL DRAHOS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **Case No. 4:19cv921 SNLJ** |
| | ) |
| **BUDGET RENT A CAR SYSTEM, INC,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM and ORDER

Plaintiff brought this lawsuit against defendants seeking to recovery for injuries she allegedly sustained on defendants' property. She initially sued defendants Budget Rent-a-Car System, Inc. and Avis Rent A Car System, LLC in Missouri state court. The parties were engaged in discovery when plaintiff filed a motion to dismiss without prejudice [#45]. Plaintiff filed the motion to dismiss because she says the defendants' Rule 30(b)(6) witness testified that defendant Avis controlled the premises at the time of the incident but that neither defendant had any employees present on premises at the time of the incident. She seeks to dismiss the lawsuit because, she said, neither defendant is a proper party and they would not be prejudiced by dismissal.

Plaintiff's motion is brought under Federal Rule of Civil Procedure 41(a)(2). That rule states that, under the present circumstances, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and

1

"[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

Defendants oppose the dismissal without prejudice. They note that plaintiff filed a new lawsuit against non-party Avis Budget Group, Inc. employees John Prachyl and Herb Torres related to her injuries sustained on Avis's property. The lawsuit was filed in Missouri state court on August 12, 2020, over 17 months after she filed the instant lawsuit.[1] Just after filing her new lawsuit, plaintiff added as a defendant Avis Budget Group, Inc.. Avis Budget Group is a holding company for the Avis and Budget defendants here. Defendants contend plaintiff is going to great lengths to avoid federal jurisdiction and the upcoming trial date in March 2021.

Plaintiff did not file a reply in support of her motion to dismiss. If plaintiff truly believed that the defendants in this case were not proper parties, she could dismiss them with prejudice. Under Rule 41(a)(2), this Court may grant her dismissal without prejudice, or it may require that dismissal be with prejudice. § 2367 *Voluntary Dismissal—Effect of Dismissal*, 9 Fed. Prac. & Proc. Civ. § 2367 (4th ed.) ("If the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the court's discretion.").

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a

---

[1] Avis Budget Group removed the second lawsuit to this Court on October 2, 2020, and it has been assigned to the undersigned. *See Drahos v. Prachyl*, No. 20-cv-1424-SNLJ.

2

> waste of judicial time and effort; and whether a dismissal will prejudice the
> defendants. Likewise, a party is not permitted to dismiss merely to escape
> an adverse decision nor to seek a more favorable forum.

*Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1213–14 (8th Cir. 2011) (quoting

*Hamm v. Rhone–Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir.1999) (internal

citations omitted)).

Looking to those factors, this Court will not grant the motion to dismiss without

prejudice. Plaintiff does not adequately explain why defendant Avis, which owns and

operates the premises on which plaintiff says she was injured, is improper. Defendants

suggest plaintiff did not name the two Avis and Budget defendants in her new case

because, with the current case pending, Missouri Supreme Court Rule 55.27(a)(9) would

prohibit such a claim—but that she could add them if this case were dismissed. That

would effectively re-start the litigation for defendants. Defendants maintain they will be

prejudiced by plaintiff's re-starting the litigation with only six weeks of discovery

remaining and the trial date fewer than six months away. This Court agrees. Plaintiff has

established none of the factors allowing for dismissal without prejudice.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to dismiss [#45] is DENIED.

Dated this 14th day of October, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

3