UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GAIL DRAHOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19cv921 SNLJ |
| ) | |
| BUDGET RENT A CAR SYSTEM, INC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

Plaintiff brought this lawsuit against defendants seeking to recovery for injuries she allegedly sustained when she fell on defendants' property. She identified her treating physician, Dr. Kelly Ahmed, as an expert witness in this matter under Federal Rule of Civil Procedure 26(a)(2)(C) on March 16, 2020. Defendants have moved to strike Dr. Ahmed to prevent her from testifying as an expert witness.

The "the nature and extent" of what a party needs to disclose about its expert witness under Rule 26(a) "turns on whether or not the expert witness is 'retained or [specially] employed to provide expert testimony in the case.'" *Vanderberg v. PetCo Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) (quoting Fed. R. Civ. P. 26(a)(2)(B)). As a non-retained, treating physician, Dr. Ahmed was not required to furnish a written report. *See Lanham v. Sandberg Trucking, Inc.*, 4:06CV1179 HEA, 2010 WL 481046, at *1 (E.D. Mo. Feb. 4, 2010). For such an expert, Rule 26(a)(2)(C) requires only that the party's disclosure include (1) the subject matter on which the non-

1

retained expert witness is expected to present evidence and (2) a summary of facts and opinions to which the witness is expected to testify.

Plaintiff's disclosure for Dr. Ahmed stated that

a. Witness is expected to testify as to the medical condition and treatment of Plaintiff Gail Drahos as a result of the incident that is the subject of this case.

b. Witness is expected to testify as to the facts and opinions as documented in her medical records produced in this case.

Defendants have moved to strike the testimony of Dr. Ahmed because plaintiff did not disclose a written expert report. Defendants appear to acknowledge that, as a treating physician, Dr. Ahmed was not required to produce a report in accordance with Rule 26(a)(2)(B), but defendant contends that plaintiff's Rule 26(a)(2)(C) disclosure was insufficient. Defendants argue that because plaintiff has a long history of pre-existing conditions, there is a question as to whether her current complaints were caused by the injury in question. Defendants point out that plaintiff did not identify Dr. Ahmed as testifying to causation or if her complaints are related to the accident.

Plaintiff responds that she "expects Dr. Ahmed to testify regarding her treatment of Plaintiff, as disclosed in the medical records, and to her opinions formed in the course of her treatment as to causation and future treatment." Defendants insist that any opinion about "causation and future treatment" is outside the scope of plaintiff's disclosures and must not be allowed. However, treating physicians who provide causation opinions need not provide an expert report if the opinion was formed within the scope of treatment. *See Post v. Dolgencorp, LLC*, 4:19-CV-00171-JAR, 2020 WL 3412238, at *5 (E.D. Mo. June

22, 2020) (finding that a treating physician was not required to file an expert report concerning his opinions as to causation); *Cutsinger v. Gyrus ACMI, Inc.*, No. 4:18-CV-4 CAS, 2018 WL 6064856, at *3 (E.D. Mo. Nov. 20, 2018) (same). Here, plaintiff represents that Dr. Ahmed developed her causation opinion in the course of treating plaintiff, so a report was not required. However, this Court agrees with defendant that plaintiff's thin disclosures on this matter did not adequately comply with Rule 26(a)(2)(C).

Federal Rule of Civil Procedure 37(c) states that, if a party fails to comply with Rule 26(a)'s disclosure requirement, then this Court may be excluded or subject to other sanctions. This Court notes, however, that defendant has suffered only minimal prejudice, if any, based on this failure to disclose, particularly because defendants retained their own expert on causation. Exclusion would be a harsh penalty, particularly because months remain until trial. However, the Court will require plaintiff to re-submit her Rule 26 disclosure as to Dr. Ahmed so that Dr. Ahmed's opinion is effectively summarized as to the "facts and opinions to which the witness is expected to testify."

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to strike [#49] is DENIED.

IT IS FURTHER ORDERED that plaintiff shall provide to defendants an amended Rule 26(a)(2)(C) disclosure by February 3, 2021.

Dated this __22nd__ day of January, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

3